**WO**                                                                                     SVK

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

Rockney Willard Martineau,                )    No. CV 07-0816-PHX-SMM (JRI)
                                          )
         Plaintiff,                        )    **ORDER**
                                          )
vs.                                       )
                                          )
Silvia R. Arellano, et al.,                )
                                          )
         Defendants.                       )
                                          )
                                          )
_____)

         Plaintiff Rockney Willard Martineau, an inmate at the Maricopa County Towers Jail in Phoenix, Arizona, filed a *pro se* Civil Rights Complaint pursuant to 42 U.S.C. §1983 on April 18, 2007.  On May 22, 2007, the Court granted Plaintiff's Application to Proceed *In Forma Pauperis*, obligating him to pay the statutory filing fee of $350.00, and dismissed the Complaint, with leave to amend, because it did not state a claim (Doc. #5).  On June 1, 2007, Plaintiff filed a Motion to Dismiss the action, which the Court construed as a Notice of Voluntary Dismissal and granted (Doc. #9).  Plaintiff also filed a Motion for Waiver of Fees, asking the Court to waive or defer the fee in view of his Motion to Dismiss.   The Court denied the Motion for Waiver of Fees, noting that 28 U.S.C. § 1915, which governs proceedings *in forma pauperis*, does not provide any authority or mechanism for the Court to excuse Plaintiff from having to pay his filing fee (Doc. #9).

Plaintiff has filed a Motion for Reconsideration Regarding Waiver of the Filing Fee (Doc. #10); the Court will deny the motion.  Plaintiff has also filed a letter (Doc. #11) in which he claims that prior documents filed with the Court ("International Promissory Note" and "1040-V Payment Voucher") satisfy the $350.00 filing fee in this matter.  The Court notes that the documents filed do not, in fact, satisfy the filing fee requirement.

Motions for reconsideration should be granted only in rare circumstances. Defenders of Wildlife v. Browner, 909 F. Supp. 1342, 1351 (D.Ariz. 1995).  "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." School Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).  Such motions should not be used for the purpose of asking a court "'to rethink what the court had already thought through—rightly or wrongly.'" Defenders of Wildlife, 909 F. Supp. at 1351 (quoting Above the Belt, Inc. v. Mel Bohannon Roofing, Inc., 99 F.R.D. 99, 101 (E.D.Va. 1983)). Here, Plaintiff presents no arguments in support of his motion.

Accordingly,

**IT IS HEREBY ORDERED DENYING** Plaintiff's Motion for Reconsideration Regarding Waiver of the Filing Fee (Doc. #10).

DATED this 12th day of July, 2007.

Stephen M. McNamee
United States District Judge

- 2 -